# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **LATONYA SANFORD,** | ) | **CASE NO.1:12CV2970** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OHIO DEPT. OF MENTAL** | ) | **OPINION AND ORDER** |
| **RETARDATION & DEVELOPMENTAL** | ) | |
| **DISABILITIES, ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF #15).  For the following reasons, the Motion to Dismiss is granted.

## II. BACKGROUND

Plaintiff, LaTonya Sanford, originally brought these claims in a Complaint filed on June 18, 2010.  1:10 CV 1369, ECF DKT # 1.  On November 30, 2010, the Court granted Defendants' Motion to Dismiss for all state-law and Title VII claims against individual Defendants.  *Sanford v. Ohio Dep't. of Mental Retardation*, No. 1:10 CV 1369, 2010 WL 4955709 (N.D. Ohio Nov. 30, 2010).  On December 7, 2011, Plaintiff voluntarily dismissed the remaining Title VII claims from the original case.  1:10 CV 1369, ECF DKT # 53.

Plaintiff filed the Complaint in the present case on December 3, 2012.  ECF DKT # 1.  Ms. Sanford re-names Ohio Department of Mental Disabilities, Warrensville Developmental

Center (hereinafter "Warrensville"), Wendy DiGregorio, Randy Russell, David Montgomery, Karen Reich, Ohio Civil Service Employees Association, and Ronald Robinson as Defendants. *See* ECF DKT #1 at p. 1; *see also* No. 1:10 CV 1369, ECF DKT # 1 at p. 1. Plaintiff adds the Ohio Department of Mental Retardation and Developmental Disabilities, Columbus Office (hereinafter "ODODD"), and Ginny Whisman as Defendants in the new Complaint. *Id.*[1]

Plaintiff re-alleges Title VII claims of sexual discrimination (Count One), race discrimination (Count Two), retaliation (Count Seven), and hostile environment (Count Eight), pursuant to 42 U.S.C. § 2000, et seq., Title VII of the Civil Rights Act of 1964. ECF DKT #1 at pp. 10, 13, 22, 23. Additionally, Plaintiff re-alleges state-law claims based on sexual discrimination (Count One), race discrimination (Count Two), intimidation (Count Three), breach of contract (Count Four), promissory estoppel (Count Six), retaliation (Count Seven), hostile environment (Count Eight), intentional infliction of emotional distress (Count Nine), vicarious liability (Count Ten), breach of fiduciary duty (Count Twelve), and defamation (Count Thirteen). ECF DKT #1 at pp. 10, 13, 16, 17, 19, 21, 22, 23, 26, 27, 29, 31. All Defendants except Ohio Civil Service Employees Association and Robert Robinson bring the Motion to Dismiss, filed January 7, 2013. ECF DKT # 15. Plaintiff filed her Motion in Opposition to Defendants' Motion to Dismiss on January 24, 2013. ECF DKT #20. Defendants' filed their Reply Memorandum in Support of Their Motion to Dismiss on

---

[1]In both the original Complaint and the new Complaint, Plaintiff named Defendant as the Ohio Department of Mental Retardation and Developmental Disabilities. However, in October 2009, the Department changed its name to the Ohio Department of Developmental Disabilities. This Opinion will refer to the Department as the Ohio Department of Developmental Disabilities.

February 6, 2013.  ECF DKT # 21.

  Plaintiff has been an employee of Warrensville since 1994.  ECF DKT # 1 at ¶¶ 14-15.  She has held several different positions, been placed on administrative leave, terminated, and ultimately re-hired.  *See id.* at ¶¶ 16-51.  Plaintiff alleges the discrimination started once Defendant Russell became her immediate supervisor.  *Id.* at ¶¶ 18-20.  Ms. Sanford alleges she was called "ignorant, lazy, and a poor performer."  *Id.* at ¶ 21.  She further alleges that Defendants made "sexist, racist, and demeaning remarks about African American women."  *Id.* at ¶ 23.  Additionally, Plaintiff asserts once her position was changed, she was given an incomplete training manual and was refused training by her superiors.  Plaintiff claims this impeded her ability to perform her work at a satisfactory level.  *Id.* at ¶¶ 39-41.  Plaintiff claims she was yelled at so aggressively she had to leave work for the day.  *Id.* at ¶ 92.

### III. LEGAL STANDARDS

**A. Civil Rule 12(b)(1) Standard**

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . .

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction.  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986).  Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks.  *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

  "A *facial* attack is a challenge to the sufficiency of the pleading itself.  On such a

3

motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party."  *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), citing *Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974).  "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Walters* at 752.

**B. Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## IV. ANALYSIS

### A. Plaintiff Consents to Dismissal of All State-Law Claims.

The Court previously dismissed all of Plaintiff's state-law claims pursuant to Defendants' 12(b)(1) motion.  The Court held, "Plaintiff has not met her burden of establishing the existence of subject matter jurisdiction as to her multiple state-law claims." *Sanford*, 2010 WL 4955709, at *3.  The Court continued, "all state-law claims against the moving Defendants are dismissed."  *Id.* at *4.

Here, Plaintiff consents to issue preclusion with regard to state-law claims.  "Plaintiff acknowledges dismissal of State claims and has no objection to their dismissal."  ECF DKT # 20 at p. 5.  The state-law claims include part of Counts One, Two, Seven, and Eight, and all of Counts, Three, Four, Six, Nine, Ten, Twelve, and Thirteen.  *See* ECF DKT # 1 at pp. 10, 13,

16, 17, 19, 21, 22, 23, 26, 27, 29, 31.  Accordingly, the Court grants Defendants' Motion to Dismiss with regard to the state-law claims listed above against all Defendants represented in the Motion.

**B. Res Judicata Applies to All Title VII Claims Against All Individual Defendants.**

Defendants assert that the Title VII claims against individual Defendants should be dismissed because of issue preclusion.  Issue preclusion prevents parties from raising any facts or issues previously adjudicated in a subsequent cause of action.  *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009).  In order for issue preclusion to apply, four factors must be met.  The factors are: "1) the precise issue must have been raised and actually litigated in the prior proceedings; 2) the determination of the issue must have been necessary to the outcome of the prior proceedings; 3) the prior proceedings must have resulted in a final judgment on the merits; 4) the party against whom the estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding."  *Id.* at 590.

Previously, the Court dismissed the Title VII claims against employees in their individual capacities.  "[T]he Motion to Dismiss the Complaint in its entirety as to the individual Defendants, Randy Russell, David Montgomery, Wendy Digregario, and Karen Reich, is granted."  *Sanford*, 2010 WL 4955709, at *4.  The Court held, "in the Sixth Circuit, Title VII does not permit employees or supervisors to be sued in their individual capacities." *Sanford*, 2010 WL 4955709, at *3 (citing *Wathen v. General Electric Co.*, 115 F.3d 400, 404 (6th Cir. 1997)).  Consistent with the Court's past ruling, all Title VII claims against previously named individual Defendants are dismissed.

Additionally, Plaintiff added Ginny Whisman as a Defendant in the present case.  Like

6

the individual Defendants in the prior case, she is a state employee being sued in her individual capacity.  Like the Title VII claims against the individual Defendants in the prior case, the same claims are brought here.  The Court has already decided that state employees cannot be sued in their individual capacities under Title VII.  Therefore, like the claims against the other individual Defendants in this case, the claims against Ms. Whisman have already been adjudicated and are dismissed.  As a result of issue preclusion, all Title VII claims against all individuals in this case are dismissed.

## C. Plaintiff's Voluntary Dismissal Does Not Toll Title VII's Ninety Day Filing Requirement.

The Civil Rights Act of 1964, Title VII, sets out a specific procedure for an employee to file a complaint against an employer.  The pertinent part states:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section...the Commission has not filed a civil action under this section...the Commission...shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ....

42 U.S.C. § 2000e-5(f)(1)

The ninety day filing limit is strictly enforced.  Addressing the ninety day time limit for filing Title VII complaints, the Court in *Brown* held, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants."  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Plaintiff argues in her Motion in Opposition that she was proceeding pro se at the time

7

she dismissed her complaint, and she believed she would have up to one year to re-file.  ECF

DKT # 20 at p.3.  Her current attorney ultimately concedes that her voluntary dismissal will

not toll the ninety day filing requirement.  *Id.*  The Motion in Opposition states, "case law and

Rule 41 of the Federal Rules of Civil Procedure makes it clear that there is no saving statute

expanding the period of refiling a dismissed complaint, which is beyond the 90 [sic] day

period...."  *Id.* at p. 3.  The court, in *Wilson v. Grumman Ohio Corp.* held, "the filing of a

complaint which is later dismissed without prejudice does not toll the statutory filing period

of Title VII."  *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, *28 (6th Cir. 1987); *Tate v.

United Servs. Assocs. Inc.*, No. 02-6468, 75 F. App'x 470, 471 (6th Cir. 2003); *see also Clark

v. Nissan Motor Mfg. Corp. U.S.A.*, No. 97-5956, 1998 WL 786892, at *3 (6th Cir. Oct. 26,

1998).  Additionally, the Sixth Circuit held, "[i]t is well-settled that ignorance of the law

alone is not sufficient to warrant equitable tolling."  *Graham-Humphreys*, 209 F.3d at 561

(citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

As Plaintiff's attorney acknowledges in the Motion in Opposition, the ninety day filing

period is not tolled.  ECF DKT # 20 at p. 3.  Plaintiff's right to sue letter was sent to her on

March 22, 2010.  ECF DKT # 15, p. 6.  The first case was voluntarily dismissed on December

7, 2011.  *Sanford*, No. 1:10 CV 1369, 2010 WL 4955709, ECF DKT # 52.  Plaintiff re-filed

her Complaint, with a few minor additions, in the present case, on December 3, 2012.  ECF

DKT # 1.  Plaintiff is attempting to re-file her Complaint outside of the strictly enforced

ninety day filing period.  Following the Sixth Circuit, the Court holds that the ninety day

filing period set forth in 42 U.S.C. § 2000e-5(f)(1) is not tolled.  Plaintiff's Title VII claims

are time barred.  Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Title VII claims

against ODODD and Warrensville are dismissed.

**D. The Continuing Violation Doctrine Does Not Alter The Ninety Day Filing Period.**

Plaintiff raises the continuing violation doctrine as a defense to her filing outside of the statute of limitations. However, the Sixth Circuit states that the continuing violation doctrine does not apply to the tolling of the ninety day period after receiving a right to sue letter in which plaintiff may file a cause of action:

> [T]he continuing violation doctrine may serve to toll the statutory period within which to file a complaint with the E.E.O.C. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L. Ed. 2d 571 (1977); (citation omitted). The continuing violation doctrine, however, does not relieve a plaintiff of the need to file an action within 90 days of receiving the right to sue letter. *See Clark*, 1998 WL 786892, at *5.
>
> *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 460-61 (6th Cir. 2001); *Gay v. Teleflex Automotive*, No. 3:06 CV 7104, 2008 WL 896946, at *6 (N.D. Ohio Mar. 28, 2008).

The case Plaintiff relies on explains that the continuing violation doctrine may toll the time that is required to file a Title VII claim with the E.E.O.C. However, it does not state that a continuing violation may toll the ninety day limit for filing with the court. *See E.E.O.C. v. Penton Indus. Pub. Co., Inc.*, 851 F.2d 835 (6th Cir. 1988). The Court does not accept Plaintiff's argument that the continuing violation doctrine tolls the ninety day filing limit. Accordingly, the Court grants Defendants' Motion to Dismiss with regard to the Title VII claims against Defendants ODODD and Warrensville.

**V. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. All state-law claims and all Title VII claims against Defendants ODODD (named

in the Complaint, Ohio Department of Mental Retardation and Developmental

Disabilities, Columbus), Warrensville (named in the Complaint, Ohio Department

of Mental Retardation and Developmental Disabilities, Warrensville

Developmental Center), Digregorio, Russell, Montgomery, Reich, and Whisman

are DISMISSED.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  June 25, 2013**

10