IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATONYA SANFORD, | ) | CASE NO. 1:12-CV-2970 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| OCSEA, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

Before the Court is Defendants Ohio Civil Service Employees Association ("OCSEA" or "the Union") and Robert Robinson's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 51). Plaintiff LaTonya Sanford has filed an opposition to the motion. (Doc. No. 52).

For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## I. FACTS

Plaintiff LaTonya Sanford is an employee of the Ohio Department of Developmental Disabilities[1] ("DODD") and is assigned to work at its Warrensville Developmental Center. (Doc. No. 47 at ¶ 1). Defendant OCSEA represents employees of the state of Ohio, including Plaintiff, for the purpose of collective bargaining with DODD. (*Id.* at ¶ 4). The complaint alleges that Robert Robinson served as Plaintiff's OCSEA union representative. (*Id.* at ¶ 7).

Plaintiff asserts that OCSEA and Robinson were made aware of issues with sex discrimination but did not process her grievances. (*Id.* at ¶ 38). She alleges that on one occasion,

---

[1] Plaintiff refers to her employer as the Ohio Department of Mental Retardation and Developmental Disabilities. However, in October 2009, the Department changed its name to the Ohio Department of Developmental Disabilities. This opinion will refer to the Department as the Ohio Department of Developmental Disabilities ("DODD").

1

she complained to Robinson about an interview for a job transfer during which the interviewer jumped to his feet and leaned forcefully into her. (*Id.* at ¶ 47, 88). Plaintiff claims her complaint was not acted on. (*Id.* at ¶ 48). She also alleges that when she filed a grievance or complaint, she would suffer retaliation in the form of being assigned to closets, written up for slight infractions, given contradictory instructions and directives, and denied materials necessary to learn and perform her job. (*Id.* at ¶ 83, 89). She contends that Robinson called her a "liar" and told coworkers "not to be like her." (*Id.* at ¶ 119).

Plaintiff further claims that around June 2012, DODD implemented a staff reduction, which resulted in a number of employees being laid off, terminated, or reassigned. (*Id.* at ¶ 15). On June 20, 2012, Plaintiff was notified of her displacement options, which included bumping rights pursuant to Article 18 of her collective bargaining agreement. (*Id.* at ¶ 16). According to Plaintiff, these rights provided the option to displace least senior employees within a geographic region. (*Id.* at ¶ 16).

On July 3, 2012, OSCEA entered into a contract modification, called an Article 18.14 agreement. (*Id.* at ¶ 10). Sanford claims this modification allegedly violated the terms of a November 2009 settlement agreement she had previously entered into with DODD. (*Id.*). According to Plaintiff, the settlement agreement provided her the right to return to the position titled "Account Clerk 2" for a period of five years following November 12, 2009, if her position was abolished. (*Id.* at ¶ 18, 67). Plaintiff purports that she attempted to enforce the terms of the 2009 settlement agreement. (*Id.* at ¶ 17). When Plaintiff's attempts to enforce the terms of the agreement were denied, she allegedly filed two grievances with OCSEA. (*Id.* at ¶ 19). She claims OCSEA did not process these grievances. (*Id.* at ¶ 20).

## II. PROCEDURAL HISTORY

Plaintiff first brought suit against Defendants OCSEA and Robinson in this Court in June 2010. (Case No. 1:10-CV-1369, Doc. No. 1). Sanford also named DODD, Warrensville Developmental Center, Wendy DiGregorio, Randy Russell, David Montgomery, and Karen Reich as defendants. Plaintiff alleged claims of sex and race discrimination, retaliation, and hostile environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Additionally, she alleged state law claims based on sex and race discrimination, intimidation, breach of contract, promissory estoppel, retaliation, hostile environment, intentional infliction of emotional distress, vicarious liability, breach of fiduciary duty, and defamation. On July 6, 2011, pursuant to a settlement, Plaintiff voluntarily dismissed with prejudice all claims against Defendants OCSEA and Robinson. (Case No. 1:10-CV-1369, Doc. No. 40).

On December 3, 2012, Plaintiff filed the complaint in the present case. (Doc. No. 1). She re-named all former defendants and added the Columbus office of DODD and Ginny Whisman. Plaintiff also re-alleged the facts and claims set forth in the June 2010 complaint, with little, if any, deviation. On June 25, 2013, the Court dismissed all claims against all defendants, except OCSEA and Robinson. (Doc. No. 23).

During a telephone status conference held on July 24, 2013, the parties represented that they were attempting to come to a resolution of the dispute. An agreement, however, was not reached, and Defendants filed a motion for summary judgment. (Doc. No. 32). Defendants argued that any claims set out in the complaint were identical to those in the suit dismissed with prejudice during July 2011. (*Id.* at 3). A hearing was held to address Defendants' motion. During the hearing, the Court expressed concern that many of the facts alleged in the complaint were part of the suit that was settled and dismissed. As a result of representations made at the

3

hearing, Plaintiff was afforded an opportunity to amend her complaint. An amended complaint was filed on August 28, 2014. (Doc. No. 47). Thereafter, Defendants filed their motion to dismiss. (Doc. No. 51).

Plaintiff's amended complaint levels 12 claims for relief against OCSEA and Robinson. She asserts the following Title VII claims: sex discrimination, retaliation, and hostile environment. Plaintiff also brings state law claims of sex discrimination; intimidation; failure to process grievances; breach of a November 12, 2009, contract; promissory estoppel; retaliation; hostile environment; intentional infliction of emotional distress; vicarious liability; breach of fiduciary duty; defamation; and failure of the duty of fair representation.[2]

### III. STANDARD OF REVIEW

#### A. Federal Rule of Civil Procedure 12(b)(1)

Generally, a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) falls into one of two categories: facial attacks and factual attacks. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (1990). A facial attack challenges the sufficiency of the pleading itself. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In reviewing a facial attack, the court takes the allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Id.* (*citing Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

A factual attack, in contrast, challenges the factual existence of subject matter jurisdiction, and no presumptive truthfulness applies to the factual allegations. *Ohio Nat. Life Ins.*, 922 F.2d at 325. The motion requires a court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist." *Id.* In its review, the

---

[2] The counts in the complaint are misnumbered. There are 12 rather than 13 counts. The Court will refer to each count as it is labeled, though inaccurately, in the complaint.

4

court has wide discretion to consider affidavits and documents to resolve jurisdictional facts. *Id.* (*citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) and *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

It is a plaintiff's burden to prove the existence of subject matter jurisdiction when challenged on a motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). When evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). The court, however, is not bound to accept as true legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). On a motion under Rule 12(b)(6), the court's consideration is generally limited to the allegations in the complaint, but matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

To survive a motion to dismiss, a complaint must provide grounds for entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007).

A complaint need not contain detailed factual allegations, but it requires more than unadorned allegations that a plaintiff was unlawfully harmed by a defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 575). That is, to survive a motion to dismiss,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (*quoting Twombly*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555; *see Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (explaining that the Supreme Court in *Twombly* disavowed the Rule 12(b)(6) pure notice pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957)).

The Supreme Court has explained that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the court is to determine "whether a complaint states a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

6

### IV.   LAW & ANALYSIS

Before the Court is Plaintiff's amended complaint.  In this pleading, Plaintiff purports to remedy issues with the original complaint, which set out claims that appeared to be previously dismissed with prejudice in the June 2010 lawsuit.  The Court observes, however, that the amended complaint still repeats many of the same facts and circumstances alleged in Plaintiff's first suit.  Putting aside this problematic aspect of the amended complaint, the Court finds that Plaintiff failed to properly exhaust any federal claims.  As a result, the Court lacks jurisdiction to address her dispute.

In terms of federal claims, count one of the complaint alleges that Defendants violated Title VII by discriminating against Plaintiff because of her gender and retaliating against her by refusing to process her grievances.  In counts seven and eight, Plaintiff alleges retaliation and hostile environment.  It is not clear to the Court whether Plaintiff intends to assert claims under Title VII against Defendants, or instead, if she is asserting claims against Defendants for their alleged failure to stop her employer from violating Title VII and to process her grievances.  The latter theory would constitute a claim for breach of the union's duty of fair representation ("DFR").

To the extent that Sanford may have intended to assert Title VII claims, they must be dismissed.  The Sixth Circuit has recognized that "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII . . . action." *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002).  To exhaust administrative remedies, a plaintiff must file a civil action within 90 days of the EEOC's dismissal of a properly filed charge alleging an unlawful employment practice.  42 U.S.C. § 2000e-5(f)(1).

Sanford's complaint fails to allege that she ever filed a charge that would serve to exhaust her administrative remedies, much less when it was filed, what she alleged, whether she received a right to sue letter, or when she received it. It appears that any right to sue letter purportedly associated with Sanford's claims was dated March 22, 2010. (Doc. No. 23 at 8). As this Court previously held when reviewing a challenge to the first complaint Plaintiff filed in this suit, the 90 day filing limit is strictly enforced. (*Id.* at 7). Plaintiff filed her first complaint in December 2012 and her amended complaint on August 28, 2014. (Doc. Nos. 1, 47). Accordingly, dismissal of any Title VII claim against Defendants is warranted.

Defendants assert that Plaintiff's Title VII claims are best characterized as DFR claims, which this Court does not have subject matter jurisdiction over. Additionally, Defendants contend that Plaintiff's claims for failure to process grievances, breach of the November 2009 contract, and failure of the duty of fair representation, are all DFR claims. In each of these counts, Plaintiff asserts that Defendants failed to adequately represent her interests or address her grievances.

A labor union's duty to fairly represent its members can arise under federal law pursuant to the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, ("NLRA") or state law. The NLRA, however, does not apply to unions, like OCSEA, that represent employees of a public employer. *Johnson v. Ohio Council Eight*, 146 Ohio App. 3d 348, 353 (2001). As a result, Sanford's employment is outside the scope of the NLRA.

Instead, OCSEA has been granted the exclusive right to represent employees of DODD pursuant to Chapter 4117 of the Ohio Revised Code, the Ohio Public Employees' Collective Bargaining Act. Under Revised Code section 4117.11, the duty of fair representation is expressly recognized as an unfair labor practice. R.C. 4117.11(B)(6) ("It is an unfair labor

8

practice for an employee organization, its agents, or representatives, or public employees to: . . . Fail to fairly represent all public employees in a bargaining unit."). Chapter 4117 grants the State Employee Relations Board ("SERB") exclusive jurisdiction over DFR claims against unions representing public employees. *Moore v. Pielech*, No. 2:10-CV-00453, 2011 WL 3841911, at *4 (S.D. Ohio Aug. 30, 2011) *aff'd*, 531 F. App'x 717 (6th Cir. 2013) (*citing Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167 (1991)); *see also Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 726-29 (N.D. Ohio 2008) (holding that SERB had exclusive jurisdiction over a claim by Ohio employees against union for breach of DFR and that federal district court had no jurisdiction to review the claim where employees had failed to exhaust administrative remedies with SERB).

To the extent that any of the aforementioned claims constitute DFR claims, the Court lacks authority to conduct a review. In the amended complaint, Sanford alleges that she exhausted DFR claims with SERB. (Doc. No. 47 at ¶ 11). Yet, the only document attached to the amended complaint reflecting an administrative review comes from the State Personnel Board of Review ("SPBR"), not SERB. (Doc. No. 47-1 at 2). SPBR dismissed Plaintiff's case due to lack of subject matter jurisdiction. There is no evidence showing SERB conducted a review. Moreover, SPBR's order names only DODD and Warrensville Developmental Center. It makes no reference to OCSEA or Robinson, who are the only defendants before the Court. Given Plaintiff's failure to demonstrate exhaustion of her administrative remedies, the Court has no jurisdiction over claims of DFR violations.

Given the dismissal of any federal claim Plaintiff may have had, the Court declines to retain jurisdiction over any state law claims, including DFR claims, Plaintiff has plead. Federal courts may exercise supplemental jurisdiction over state law claims only if there is an

9

independent basis for federal jurisdiction for at least one claim. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, Plaintiff's Title VII claims were dismissed and she has failed to include any additional claims arising under federal law or to establish diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. As a result, there is a "strong presumption" in favor of dismissing any remaining state claims. *See Jackson v. Heh*, 215 F.3d 1326 (6th Cir. 2000) (*quoting Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1246, 1255 (6th Cir. 1996)) ("Where, as here, a federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption' in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate basis for federal jurisdiction). Accordingly, the Court finds it appropriate that any state law claims be dismissed.

Though the reasons set forth above require the Court to dismiss claims against Defendants OCSEA and Robinson, as a general observation, the pleading lacks specificity as to the time and conduct leading to the Defendants' alleged liability. Particularly in regard to Robinson, the complaint fails to allege specifics about when his allegedly wrongful conduct occurred. Aside from count five, which alleges a breach of the November 2009 contract, the claims are largely supported by labels and conclusions or otherwise recount facts from the complaint that was dismissed with prejudice in Plaintiff's prior suit. To the extent an argument can be made that the contract claim has been properly plead, any potential relief would have to be sought in state court because this Court lacks jurisdiction as previously stated.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss in regard to any federal claims asserted. (Doc. No. 51).  To the extent Plaintiff asserted state law claims, including any duty of fair representation claims, the Court declines to exercise jurisdiction.

IT IS SO ORDERED.

/s Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: August 17, 2015.