IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATONYA SANFORD, | ) | CASE NO. 1:12-CV-2970 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| OCSEA, *et al.*, | ) | |
| | ) | **ORDER ON PLAINTIFF'S** |
| Defendants. | ) | **MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff LaTonya Sanford's Motion for Reconsideration. (Doc. 59). Defendant Ohio Civil Service Employees Association ("OCSEA" or "the Union") has filed an opposition to the motion. (Doc. 60).

For the reasons set forth below, Plaintiff's Motion for Reconsideration is denied.

## I. PROCEDURAL HISTORY

Plaintiff first brought suit in June 2010, alleging violations of the Civil Rights Act of 1964, 42 U.S.C. 2000e, along with various state law claims based on sex and race discrimination. On July 6, 2011, pursuant to a settlement, Plaintiff voluntarily dismissed with prejudice all claims against Defendants. On December 3, 2012, Plaintiff filed a new complaint against Defendants, re-alleging the facts and claims set forth in the June 2010 complaint. (Doc. 1). On June 25, 2013, all claims against all Defendants, except OCSEA and Robert Robinson, were dismissed. (Doc. 23). Defendants filed a motion for summary judgment on October 30, 2013, following unsuccessful attempts to settle, arguing the claims set out in the complaint were identical to those in the previously dismissed suit. (Doc. 32). After a hearing, Plaintiff filed an amended complaint on August 28, 2014. (Doc. 47). Defendants subsequently filed a motion to

dismiss, which was granted with regard to any asserted federal claims on August 17, 2015. (Doc. 51, 57). Plaintiff filed the present Motion for Reconsideration on September 4, 2015. (Doc. 59).

In the Sixth Circuit, a motion for reconsideration is analyzed under Fed. R. Civ. P. 59(e). Kline v. Mortgage Elec. Sec. Sys., No. 3:08cv408, 2013 WL 5276541, at *3 (S.D. Ohio Sept. 18, 2013) (citing Smith v. Hudson, 600 F. 2d 60 (6th Cir. 1979)) ("The Federal Rules of Civil Procedure do not formally recognize motions for reconsideration…[but] may properly be treated under Rule 59(e) as a motion to alter or amend a judgment." ). The Court will grant a Rule 59(e) motion where it finds (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). Arguments raised for the first time are untimely and will not be considered. Evanston Ins. Co. v. Cogswell Properties, LLC, 683 F.3d 684, 692 (6th Cir. 2012).

## II. LAW AND ANALYSIS

Plaintiff does not satisfy any of the requisites for a successful Rule 59(e) motion. First, nowhere in her argument does Plaintiff point to a clear error of law. As Defendant correctly points out, Plaintiff merely makes conclusory statements in attempts to reargue her dismissed claims, and any new argument cannot be considered. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("Rule 59(e) is not an opportunity to re-argue a case…[and] are aimed at *re* consideration, not initial consideration.") (internal citations omitted). Next, Plaintiff offers no evidence that the attached documents, which Plaintiff states were withheld from the Court, were previously unavailable so as to constitute "newly discovered" evidence under Rule 59(e). GenCorp., Inc. v. American Intern. Underwriters, 178

F. 3d 804 (6th Cir. 1999) ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable."). Plaintiff also does not point to any relevant intervening change in controlling law. See *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 508 (6th Cir. 2008) (remanded case under Rule 59(e) finding an intervening change in controlling law where after dismissal, the court handed down a new rule of law on a relevant issue). Finally, Plaintiff fails to present any evidence that suggests reconsideration is necessary to prevent manifest injustice. *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 Fed. Appx. 319, 330-31 (6th Cir. 2014) ("[C]ases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive…" A manifest injustice is "[a]n error in the trial court that is direct, obvious, and observable….") (internal citations omitted).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration. (Doc. 59).

IT IS SO ORDERED.

/s Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: October 2, 2015.